IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| BRIAN SHAUGHNESSY,<br><br>  Plaintiff,<br><br>vs.<br><br>WELLCARE HEALTH INSURANCE, INC. DBA OHANA HEALTH PLAN,<br><br>  Defendant. | CV. NO. 16-00635 DKW-KSC<br><br>**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER** |

**ORDER DENYING MOTION
FOR TEMPORARY RESTRAINING ORDER**

**INTRODUCTION**

On December 1, 2016, Plaintiff Brian Shaughnessy, proceeding pro se, filed a Complaint against WellCare Health Insurance, Inc., dba Ohana Health Plan ("Ohana"), alleging claims for violation of 42 U.S.C. § 1983 and breach of contract based on the denial of medical services and benefits under his Medicaid plan administered by Ohana. Shaughnessy also filed a Motion for Temporary Restraining Order and Preliminary Injunction ("Motion for TRO"), seeking a court order directing Ohana to provide the services and benefits ordered by his doctor and to award him costs in the amount of $25,000.00. Because Shaughnessy's

1

conclusory assertions are insufficient to establish a likelihood of success on the merits of his claims or that the balance of relevant factors weighs in his favor, the Motion for TRO is DENIED.[1]

## DISCUSSION

### I. Legal Standard

The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. *See, e.g., Hawaii v. Gannett Pac. Corp.*, 99 F. Supp. 2d 1241, 1247 (D. Haw. 1999). A "plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (citation omitted). "That is, 'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). *Winter* emphasized that plaintiffs seeking preliminary relief must demonstrate that "irreparable injury is likely in the absence

---

[1] Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing.

of an injunction." 555 U.S. at 22; s*ee also Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009).

## II.   Analysis

Shaughnessy fails to set forth sufficient supporting facts or legal argument demonstrating that he is likely to succeed on the merits, that the balance of equities tips in his favor, and that an injunction is in the public interest. The Court acknowledges that he alleges the likelihood of suffering irreparable harm in the absence of the preliminary relief requested. On balance, however, the Motion for TRO fails to establish that Shaughnessy is entitled to the requested TRO, an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22.

### A.   Requested Relief

Shaughnessy seeks, on an expedited basis,

> a temporary restraining order and a preliminary injunction compelling the Defendant to fulfill its obligations under Medicaid and providing the prescriptions of the doctor and the Aides to the Plaintiff along with reimbursement for monies spent.

Motion for TRO at 3.

According to Shaughnessy, Ohana manages Medicaid benefits for Hawaii's aged, blind, and disabled residents. Shaughnessy is a quadriplegic, and under his

3

plan, he is entitled to certain aides, medical equipment and prescription medicines. For over six months, Ohana has failed to provide aides for 130-plus hours allotted per week, as needed. Motion for TRO at 1. He alleges that two aides were recently hired after waiting weeks for approval by Ohana, but Ohana has not paid them because of "coding" mistakes by healthcare providers. According to Shaughnessy, Ohana is, in fact, "lying and blaming agencies to keep money indefinitely. As a result, either the Plaintiff has to spend money from his limited resources or go without the services." Motion for TRO at 1-2.

Shaughnessy's doctor wrote prescriptions for the following equipment: shower chair; sling for lift; hospital bed; and specialized mattress. Motion for TRO at 2. Although Shaughnessy's doctor provided manufacturer and model numbers associated with these items, Ohana refused to provide the requested, prescribed equipment. Instead, it provided equipment that was "not usable" and "not the items in photos sent by plaintiff and Plaintiff's Doctor," according to Shaughnessy. Motion for TRO at 2.

### B. Balance Of Factors

Ordinarily, a threshold requirement for granting temporary injunctive relief is that the moving party make some showing of irreparable harm. *Sampson v. Murray*, 415 U.S. 61, 88 (1974). Shaughnessy states:

> If Defendant does not provide the prescriptions of the doctor and Aides under Medicaid then the Plaintiff would suffer irreparable injury. The current bed is broken and dangerous. The current shower chair is broken and dangerous. The current sling to transfer Plaintiff from bed to wheel chair (and then shower) is unusable.

Motion for TRO at 4. The Motion for TRO establishes a plausible likelihood of irreparable injury.

Turning to the merits of his claims, Shaughnessy fails to set forth sufficient factual content in the Motion for TRO to allow the Court to determine that he is likely to succeed on his Section 1983 and breach of contract claims at this time.[2] On the record presented, Shaughnessy has not carried his burden – he fails to provide even the most basic evidentiary support for the extraordinary relief he seeks. For instance, he attaches no communications between himself, Ohana, and/or his doctor – there are no prescriptions, no denials of coverage or services, no invoices from healthcare providers or agencies – to support the assertions in his pleadings. Nor are there any declarations or affidavits offered from Shaughnessy, the two aides that were allegedly hired, Shaughnessy's physician, or anyone else. *See, e.g., Standard Register Co. v. Keala*, 2014 WL 3420785, at *5-7 (D. Haw. July 11, 2014) ("Without any details regarding the substance of Plaintiffs' 'evidence,' the court is at

---

[2] "Assessing the likelihood of success on the merits does not involve a final determination of the merits, but rather the exercise of sound judicial discretion on the need for interim relief." *Beattie v. Barnhart*, 663 F. Supp. 2d 5, 9 (D.D.C. 2009) (citation and quotation signals omitted).

a loss as to whether Plaintiffs can in fact establish that the Individual Defendants have breached any provisions in the agreements…. Without such details, Plaintiffs leave the court with nothing more than speculation as to whether the Individual Defendants breached their agreements."); *Barton v. Venneri*, 2005 WL 1119797, at *3 (D.D.C. May 11, 2005) (Denying preliminary injunction motion because "plaintiff has not submitted any competent evidence into the record (*i.e.*, affidavits, exhibits) that would permit the Court to assess whether she, in fact, faces irreparable harm[.]").  In short, Shaughnessy provides insufficient factual details that are necessary to evaluate the likelihood of success of his claims.

Beyond the lack of evidentiary support in the Motion for TRO, Shaughnessy's bare legal allegations are similarly deficient, and state purely legal conclusions. Count I alleges that a "Medicaid recipient has a private cause of action to enforce his right to treatments and services.  Defendant has failed to provide prescriptions by the doctor to the plaintiff."  Complaint at 3.  Section 1983 imposes liability on anyone who under color of state law deprives a person of "rights, privileges, or immunities" secured by the laws or the Constitution of the United States.  42 U.S.C. § 1983.  First, Shaughnessy does not identify the Medicaid provision(s) allegedly violated that he contends give rise to his private cause of action.  Without scrutinizing the Medicaid law at issue, the Court cannot determine whether he, in

6

fact, has a private cause of action or is likely to succeed on the merits of that claim. *See J.E. v. Wong*, 125 F. Supp. 3d 1099, 1106 n.3 (D. Haw. 2015) ("[W]hether a private right of action exists under a certain provision of the Medicaid law is highly dependent upon the language and nature of the particular provision at issue."). Second, Shaughnessy fails to allege how he has a private cause of action against Ohana – a private health insurer[3] – under Section 1983. *See Esparza v. Cnty. of Los Angeles*, 527 F. App'x 638, 639 (9th Cir. 2013) ("To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law."); *Quinones v. UnitedHealth Group Inc.*, 2015 WL 4523499, at *2-5 (D. Haw. July 14, 2015) (Dismissing Section 1983 claim against private insurer administering benefit plan pursuant to a State Medicaid contract, where insurer was not a "state actor," reasoning that "[i]f contracting, funding, and regulating was sufficient to create state action, nearly every government contract would produce the possibility of § 1983 liability against the government contractor.").

---

[3]The Complaint alleges that WellCare Health Insurance, Inc. dba Ohana Health Plan is headquartered in Florida, with a place of business at 949 Kamokila Boulevard, #350, Kapolei HI 96707.  Complaint ¶ 5.  "Plaintiff is covered under Ohana Health Plan provided by the defendant with the state of Hawaii."  Complaint ¶ 6.

Count II, entitled "Breach of Agreement," alleges that Ohana failed to provide aides, medical equipment, and prescription medicines to Shaughnessy and "is in breach of the agreement under Medicaid between the parties." Complaint at 3. Liberally construed, Count II attempts to allege a breach of contract claim. The Court, however, cannot determine with any certainty whether Shaughnessy is likely to succeed on the merits of this claim because the terms of the purported agreement are not before the Court. Generally, a breach of contract claim must set forth (1) the contract at issue; (2) the parties to the contract; (3) whether plaintiff performed under the contract; (4) the particular provision of the contract allegedly violated by defendants; and (5) when and how defendants allegedly breached the contract. *See Evergreen Eng'rg, Inc. v. Green Energy Team LLC,* 884 F. Supp. 2d 1049, 1059 (D. Haw. 2012); *see also Otani v. State Farm Fire & Cas. Co.*, 927 F. Supp. 1330, 1335 (D. Haw. 1996) ("In breach of contract actions, . . . the complaint must, at minimum, cite the contractual provision allegedly violated. Generalized allegations of a contractual breach are not sufficient . . . the complaint must specify what provisions of the contract have been breached to state a viable claim for relief under contract law."); *Kaar v. Wells Fargo Bank, N.A.*, 2016 WL 3068396, at *1 (N.D. Cal. June 1, 2016) ("To claim a breach of contract in federal court the complaint must identify the specific provision of the contract allegedly breached by the defendant.").

Although Shaughnessy conclusorily states that he "has a substantial likelihood of success on the merits of the case" because his "rights to due process will be violated as Defendant has failed to provide the prescriptions of the doctor and Aides under Medicaid," the Court has no independent means of determining whether that is the case. The Motion for TRO points to no statute, regulation, or other provision of Medicaid law violated by Ohana, nor does it point to any contract or contract provision that was breached. Nor does Shaughnessy provide a copy of the relevant health plan or contract, specifying the provisions at issue. The failure to provide this basic information makes it impossible for the Court to determine that Plaintiff's claims are substantially likely to succeed.

Based upon the specific circumstances of this case and how they weigh upon the balancing of the equities between the parties and whether an injunction is in the public interest, the Court finds that Shaughnessy has failed to carry his burden at this time. The current, undeveloped record weighs against any finding of the propriety of an award of preliminary relief.

## **CONCLUSION**

Nothing in the Complaint or Motion for TRO demonstrates any past or imminent future injury caused by Ohana that is sufficient to justify the relief sought. The allegations in the Complaint are unsupported and therefore present no serious

question that the balance of equities tips in favor of Ohana or that an injunction is not in the public interest.  *Alliance for the Wild Rockies*, 632 F.3d at 1135.   The Court acknowledges the gravity of Shaughnessy's allegations of imminent harm.  However, without sufficient factual details, Shaughnessy leaves the Court with nothing more than speculation as to whether defendant breached any legal duty or Medicaid agreement.   Accordingly, Shaughnessy's Motion for TRO is DENIED.

IT IS SO ORDERED.

Dated: December 5, 2016 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

Shaughnessy v. WellCare Health Insurance; CV 16-00635 DKW-KSC; **ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER**