IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| BRIAN SHAUGHNESSY,<br><br>         Plaintiff,<br><br>vs.<br><br>WELLCARE HEALTH INSURANCE INC. dba OHANA HEALTH PLAN,<br><br>         Defendant. | CIVIL NO. 16-00635 DKW-KSC<br><br><br>**ORDER GRANTING DEFENDANT WELLCARE HEALTH INSURANCE INC. dba OHANA HEALTH PLAN'S MOTION TO DISMISS** |

## ORDER GRANTING DEFENDANT WELLCARE HEALTH INSURANCE INC. dba OHANA HEALTH PLAN'S MOTION TO DISMISS

### INTRODUCTION

Plaintiff Brian Shaughnessy, proceeding pro se, filed a Complaint against WellCare Health Insurance, Inc., dba Ohana Health Plan ("Ohana"), alleging claims for violation of 42 U.S.C. § 1983, breach of contract, and emotional distress based on the denial of medical services and benefits under his Medicaid plan administered by Ohana. Because the allegations in the Complaint are factually deficient and fail to state a claim for relief, Ohana's Motion to Dismiss is GRANTED. Shaughnessy is GRANTED LEAVE to file an amended complaint, with instructions below.

1

# BACKGROUND

## I.   Plaintiff's Complaint

Shaughnessy is a quadriplegic covered under an Ohana health plan within the State of Hawaiʻi, and alleges that "[p]hysicians['] services, [a]ides, medical equipment and prescription medicines were to be provided to [him] under the [p]lan."   Complaint ¶¶ 4, 6.   Ohana is a managed care organization that contracted with the State of Hawaiʻi under its Medicaid program for the aged, blind and disabled, known as QUEST Expanded Access ("QExA").   Ohana Mem. in Supp. at 1.   According to Shaughnessy, Ohana failed for six months to provide aides for more than 130 hours per week; that aides provided by Aloha Habilitation are waiting to be approved by Ohana; and that he has had to either spend his own money or go without the services prescribed.   Complaint ¶ 6.   Shaughnessy further asserts that medical equipment that was supplied was "not usable," yet Ohana "refused to replace the equipment."   Complaint ¶ 6.

The Complaint sets forth the following causes of action: (1) a Section 1983 claim for "violation of duty under Hawaii Medicaid" (Count I); (2) "breach of agreement" (Count II); (3) "compensation for pain and suffering" and "emotional distress" (Count III); (4) preliminary injunctive relief (Count IV); and (5) costs pursuant to Federal Rule of Civil Procedure 54(d)(1) (Count V).

## II.   __Motion For Temporary Restraining Order__

On December 1, 2016, concurrent with the filing of the Complaint, Shaughnessy filed a Motion for Temporary Restraining Order ("TRO"), seeking a court order directing Ohana to provide the services and benefits ordered by his doctor and to award him costs in the amount of $25,000.00.   Dkt. No. 2.   The Court denied the Motion for TRO in a December 5, 2016 order, both acknowledging the gravity of Shaughnessy's allegations of imminent harm, while also finding that he had not met his burden of justifying the relief sought.   Significantly, the Court found that the Complaint and Motion for TRO lacked sufficient factual details to determine whether Shaughnessy is likely to succeed on his Section 1983 and breach of contract claims because Shaughnessy provided no information regarding communications between himself, Ohana, and his doctor to support the assertions in his pleadings.   Moreover, the Motion for TRO pointed to no statute, regulation, or other provision of Medicaid law violated by Ohana, nor to any contract or contract provision that Ohana allegedly breached.   The Court concluded that the failure to provide this basic information made it impossible to determine whether any claims were likely to succeed, and accordingly, denied the Motion for TRO.   Dkt. No. 7 at 8-10.

Ohana now seeks dismissal of the Complaint for failure to state a claim, a request that Shaughnessy did not oppose.

## **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(b)(6) authorizes the Court to dismiss a complaint that fails "to state a claim upon which relief can be granted."   Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."   Fed. R. Civ. P. 8(a)(2).   The Court may dismiss a complaint either because it lacks a cognizable legal theory or because it lacks sufficient factual allegations to support a cognizable legal theory.   *Balistreri v. Pacifica Police Dep't*., 901 F.2d 696, 699 (9th Cir. 1988). Pursuant to *Ashcroft v. Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"   555 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007)).   "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.*   Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."   *Id.* (citing *Twombly*, 550 U.S. at 555).   Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   *Id.* (citing *Twombly*, 550 U.S. at 556).   Factual allegations that only permit the court to infer "the mere possibility of

misconduct" do not constitute a short and plain statement of the claim showing that the pleader is entitled to relief as required by Rule 8(a)(2).   *Id*. at 679.

## DISCUSSION

Because the Complaint provides only the barest allegations, lacking sufficient factual matter to satisfy the elements of the enumerated causes of action, Shaughnessy's claims for violation of Section 1983 (Count I), breach of contract (Count II), and pain and suffering/emotional distress (Count III) are dismissed with leave to amend.   Shaughnessy's claims for preliminary injunctive relief (Count IV) and costs (Count V), however, are remedies that may be available to a prevailing party, but are not properly brought as stand-alone claims.   Counts IV and V are accordingly dismissed with prejudice.

## I.   Count I: Section 1983

Count I alleges that a "Medicaid recipient has a private cause of action to enforce his right to treatments and services.   Defendant has failed to provide prescriptions by the doctor to the plaintiff."   Complaint ¶ 8.   Although the Complaint does not specifically address the elements of a Section 1983 claim or the provisions of the Medicaid Act that Ohana allegedly violated, Count I does include an excerpt from a case out of this district, *J.E. v. Wong*, referencing Section 1396a(a)(10):

> In *Watson* [*v. Weeks*, 436 F.3d 1152, 1159-60 (9th Cir. 2006)],
> the Ninth Circuit Court of Appeals recognized that a Medicaid

> recipient has a private cause of action to enforce his or her right
> to certain treatments or services under Section 1396a(a)(10)
> pursuant to Section 1983.

Complaint ¶ 8 (quoting *J.E. v. Wong,* 125 F. Supp. 3d 1099, 1108 (2015)).

Based upon the citation to the *J.E. v. Wong* case, the Court liberally construes Count I as asserting a Section 1983 claim for violation of Section 1396a(a)(10) of the Medicaid Act.   To the extent Shaughnessy seeks to assert a private right of action under Section 1396a(a)(10), however, his claims are deficient for several reasons.

First, Section 1983 imposes liability on any person who under color of state law deprives a person of "rights, privileges, or immunities" secured by the laws or the Constitution of the United States.   42 U.S.C. § 1983.   *See also Esparza v. Cty. of Los Angeles*, 527 F. App'x 638, 639 (9th Cir. 2013) ("To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law."). Allegations of state action by Ohana are absent here.   Although Ohana admits to being a state-contracted health insurer for the QExA Medicaid program, Shaughnessy fails to allege how he has a private cause of action against Ohana under Section 1983.   *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 52, 56 (1999) (Rejecting the "argument that the State has delegated to insurers the traditionally

6

exclusive governmental function of deciding whether to suspend payment for

disputed medical treatment;" and explaining that "the private insurers in this case

will not be held to constitutional standards unless 'there is a sufficiently close nexus

between the State and the challenged action of the regulated entity so that the action

of the latter may be fairly treated as that of the State itself.'   Whether such a 'close

nexus' exists, our cases state, depends on whether the State 'has exercised coercive

power or has provided such significant encouragement, either overt or covert, that

the choice must in law be deemed to be that of the State.   Action taken by private

entities with the mere approval or acquiescence of the State is not state action.'")

(citations omitted); *Quinones v. UnitedHealth Group Inc.*, 2015 WL 4523499, at

*2-5 (D. Haw. July 14, 2015) (Dismissing Section 1983 claim against private insurer

administering benefit plan pursuant to a State Medicaid contract, where insurer was

not a "state actor," reasoning that "[i]f contracting, funding, and regulating was

sufficient to create state action, nearly every government contract would produce the

possibility of § 1983 liability against the government contractor.").   Shaughnessy

does not allege plausible facts demonstrating that Ohana has the necessary hallmarks

of a state actor under the circumstances here.

Second, Shaughnessy does not provide critical facts to support a private right

of action under Section 1396a(a)(10).   Shaughnessy's Complaint appears to rely

upon the Ninth Circuit's decision in *Watson v. Weeks*, holding that

Medicaid-eligible Oregon residents and an advocacy organization had a private right of action to enforce the requirement that a state plan, pursuant to Section 1396a(a)(10)(A), include the provision of home and community based services as an alternative to Medicaid institutional nursing facility services.   436 F.3d 1152, 1155 (9th Cir. 2006).   Section 1396a(a)(10)(A) provides that a state plan for medical assistance must make certain care and services available to Medicaid recipients.[1] Although Shaughnessy seeks to assert a private cause of action under Section 1396a(a)(10), he neglects to support his claim with the necessary facts regarding the relevant state plan, the required care and services to be provided to Medicaid recipients under that state plan, and whether the services he claims he was denied are within the scope of the state plan.   Without knowing these basic facts, the Court cannot determine whether Shaughnessy, in fact, has a private cause of action under this provision.   *See J.E.*, 125 F. Supp. 3d at 1106 n.3 ("[W]hether a private right of action exists under a certain provision of the Medicaid law is highly dependent upon the language and nature of the particular provision at issue.").

---

[1]States are not required to participate in the Medicaid program, but if they do they must comply with the requirements of the Medicaid Act and its regulations.   *See J.E.*, 125 F. Supp. 3d at 1103–04 (citing 42 U.S.C. § 1396a(a)(10)(A); 42 U.S.C. § 1396a(a)(43); 42 U.S.C. § 1396d(a)(4)(B); and 42 U.S.C. § 1396d(r)(5)).   To qualify for federal assistance, a state must submit a "state plan" for "medical assistance," 42 U.S.C. § 1396a(a), that contains a comprehensive statement describing the nature and scope of the state's Medicaid program.   *J.E.*, 125 F. Supp. 3d at 1103 (quoting 42 CFR § 430.10).   "The state plan is required to establish, among other things, a scheme for reimbursing health care providers for the medical assistance provided to eligible individuals." *J.E.*, 125 F. Supp. 3d at 1103–04 (quoting *Wilder v. Virginia Hosp. Ass'n,* 496 U.S. 498, 502 (1990)).

Consequently, Count I fails to state a Section 1983 claim for violation of Section 1396a(a)(10).   Because amendment may be possible, Shaughnessy is granted leave to amend this claim.

## II.   Count II: Breach of Contract

Count II, entitled "Breach of Agreement," alleges that Ohana failed to provide aides, medical equipment, and prescription medicines to Shaughnessy "under the Ohana Health Plan and is in breach of the agreement under Medicaid between the parties."   Complaint ¶ 10.   The Court, however, cannot determine with any certainty whether Shaughnessy's breach of contract claim is sufficiently pled because the terms of the purported agreement are not before the Court.

Generally, a breach of contract claim must set forth (1) the contract at issue; (2) the parties to the contract; (3) whether plaintiff performed under the contract; (4) the particular provision of the contract allegedly violated by defendants; and (5) when and how defendants allegedly breached the contract.   *See Evergreen Eng'rg, Inc. v. Green Energy Team LLC,* 884 F. Supp. 2d 1049, 1059 (D. Haw. 2012); *see also Otani v. State Farm Fire & Cas. Co.*, 927 F. Supp. 1330, 1335 (D. Haw. 1996) ("In breach of contract actions, . . . the complaint must, at minimum, cite the contractual provision allegedly violated.   Generalized allegations of a contractual breach are not sufficient . . . the complaint must specify what provisions of the contract have been breached to state a viable claim for relief under contract

law."); *Kaar v. Wells Fargo Bank, N.A*., 2016 WL 3068396, at *1 (N.D. Cal. June 1, 2016) ("To claim a breach of contract in federal court the complaint must identify the specific provision of the contract allegedly breached by the defendant.").

Count II does not identify the parties to the agreement, the relevant terms, the contractual provisions violated by Ohana—or even whether Shaughnessy is seeking to enforce the benefits he is due under his own Ohana health insurance plan or another agreement "under Medicaid" between Ohana and the State of Hawaiʻi. Absent these elementary factual allegations, the Court cannot discern whether Shaughnessy has a viable breach of contract claim.

Consequently, Count II is deficient as currently pled, and the Motion is granted.   Because amendment may be possible, Shaughnessy is granted leave to amend his breach of contract claim.

## III.   <u>Count III: Emotional Distress Claims</u>

Shaughnessy alleges in Count III that, "[i]t can be seen that damages to compensate for pain and suffering may be claimed by the plaintiff as his rights under Medicaid and Ohana Health Plan have been violated.   This has caused pain and suffering to the plaintiff who is a quadriplegic."   Complaint ¶ 12.   "Compensation for pain and suffering" seeks damages as a *remedy*.   Although it is entitled "Compensation for Pain and Suffering," and makes reference to "mental and emotional distress" caused by the "denial of a constitutional right," Count III does

10

not otherwise specify a particular cause of action as a stand-alone claim.   Complaint

¶ 12 (quoting *Cty. of Los Angeles v. Superior Ct.*, 21 Cal.4th 292, 298, 981 P.2d 68,

71 (1999)).   Ohana liberally construes Count III as attempting to assert a claim for

either negligent ("NIED") or intentional infliction of emotional distress ("IIED")

and seeks dismissal on that basis.[2]   Even given the most liberal construction,

however, Shaughnessy fails to plead factual content that allows the Court to draw

the reasonable inference that Ohana is liable for either NIED or IIED.

### A.   NIED

"The elements of a claim for negligent infliction of emotional distress

("NIED") are: (1) that the defendant engaged in negligent conduct; (2) that the

plaintiff suffered serious emotional distress; and (3) that such negligent conduct of

the defendant was a legal cause of the serious emotional distress."   *Caraang v. PNC*

*Mortg.*, 795 F. Supp. 2d 1098, 1122 (D. Haw. 2011).   Additionally, "[a]

prerequisite to any negligence action is the existence of a duty owed by the

defendant to the plaintiff, requiring the actor to conform to a certain standard of

conduct for the protection of others against unreasonable risks."   *Lee v.*

*Corregedore*, 83 Hawai'i 154, 158–59, 925 P.2d 324, 328–29 (1996) (internal

citation, quotation marks, and brackets omitted).   Further, a plaintiff "must

---

[2]Assuming that Ohana is correct that Shaughnessy intended to assert an NIED and/or IIED claim, he is granted leave to attempt to do so, as discussed more fully below.

establish some predicate injury either to property or to another person in order himself or herself to recover for [NIED]." *Kahoʻohanohano v. Depʼt of Human Serv.*, 117 Hawaiʻi 262, 306–07, 178 P.3d 538, 582–83 (2008) (citing *Doe Parents No. 1 v. Dept. of Educ.,* 100 Hawaiʻi 34, 69, 58 P.3d 545, 580 (2002)); *see also Doe Parents No. 1*, 100 Hawaiʻi at 69–70, 58 P.3d at 580–81 (Explaining "the law as it currently stands in Hawaiʻi is that an NIED claimant must establish, incident to his or her burden of proving actual injury (i.e., the fourth element of a generic negligence claim), that *someone* was physically injured by the defendantʼs conduct, be it the plaintiff himself or herself or someone else.").

Count III does not sufficiently allege the elements of NIED.  Shaughnessy identifies no conduct that is in breach of an independent duty owed to him by Ohana. And although Shaughnessy alleges that Ohanaʼs conduct caused him generalized "pain and suffering," he does not allege actual physical injury to himself or another. Accordingly, Count III fails to state a claim for NIED and is dismissed.   Because amendment may be possible, Shaughnessy is granted leave to amend his NIED claim.

**B.   <u>IIED</u>**

"[T]he tort of IIED consists of four elements: ʻ(1) that the act allegedly causing the harm was intentional or reckless, (2) that the act was outrageous, and (3) that the act caused (4) extreme emotional distress to another.ʼ"   *Young v.*

12

*Allstate Ins. Co.*, 119 Hawai'i 403, 429 (2008) (quoting *Hac v. Univ. of Hawaii*, 102 Hawai'i 92, 106–07 (2003)).   The standard for an IIED claim is a very high one:

> In explaining the type of "outrageous" conduct that makes a claim for intentional infliction of emotional distress actionable, the Restatement (Second) of Torts states:
>
> It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by "malice," or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.   Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, "Outrageous!"

*Ross v. Stouffer Hotel Co. (Hawai'i) Ltd., Inc.,* 76 Hawai'i 454, 465 n.12, 879 P.2d 1037, 1048 n.12 (1994) (quoting Restatement (Second) of Torts § 46, cmt. d. (1965)).

In its present form, the Complaint does not provide the minimal factual content that would allow the Court or an average community member to draw the reasonable inference that Ohana is liable for IIED.   Assuming the truth of the allegations in the Complaint, the asserted actions are not "so outrageous in character, and so extreme in degree, as to go beyond all bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."   *Ross*, 76 Hawai'i at 465 n.12, 879 P.2d at 1048 n.12.   Shaughnessy has not sufficiently pled with

13

specificity what Ohana did, when it was done, and why such conduct was
outrageous.   As a result, Count III fails to state a claim for IIED.   Because
amendment may be possible, Shaughnessy is granted leave to amend his IIED claim.

### C.    Leave to Amend

In sum, Count III is dismissed with leave to amend in order to permit
Shaughnessy to provide the specific factual content necessary to state an NIED
and/or IIED claim if he, in fact, intended to assert such claims in Count III.

## IV.   Count IV: Preliminary Injunctive Relief

Count IV requests preliminary injunctive relief because Shaughnessy "will
suffer irreparable harm if the prescriptions of the doctor and aides are not provided
by [Ohana]."   Complaint ¶ 14.   To the extent Count IV seeks the remedy of a
preliminary injunction, the Court follows the well-settled rule that a claim for
"injunctive relief" standing alone is not a cause of action.   *See Ramos v. Chase
Home Fin.*, 810 F. Supp. 2d 1125, 1132 (D. Haw. 2011); *see also Jensen v. Quality
Loan Serv. Corp.*, 702 F. Supp. 2d 1183, 1201 (E.D. Cal. 2010) ("A request for
injunctive relief by itself does not state a cause of action."); *Plan Pros, Inc. v. Zych*,
2009 WL 928867, at *2 (D. Neb. Mar. 31, 2009) (stating that "no independent cause
of action for injunction exists"); *Motley v. Homecomings Fin.*, LLC, 557 F. Supp. 2d
1005, 1014 (D. Minn. 2008) (same).   Injunctive relief may be available if
Shaughnessy is entitled to such a remedy on an independent cause of action.

14

Accordingly, Count IV fails to state a stand-alone claim upon which relief can be granted.   If injunctive relief is proper, it will be because Shaughnessy prevails—or has met the necessary test for such relief under Rule 65 of the Federal Rules of Civil Procedure—on an independent cause of action.   Because amendment would be futile, dismissal of this claim is with prejudice.

## V.   Count V: Costs

Count V states that Shaughnessy "should be awarded the costs of litigation," pursuant to Rule 54(d)(1).   Ohana does not dispute that Rule 54(d) creates a presumption in favor of awarding costs to prevailing parties at the conclusion of litigation.   The Rule, however, does not create a stand-alone cause of action for the recovery of costs.   *Cf. Villegas v. Galloway*, 458 F. App'x 334, 338 (5th Cir. 2012) ("On its face, § 1988 does not provide for a separate cause of action, only for recovery of attorney's fees and expert fees to parties prevailing on certain other causes of action."); *Bascle v. Shadrall Riverside Mkt.*, 2012 WL 1565301, at *2 (E.D. La. Apr. 30, 2012) ("Although the Court has the discretion to award costs and fees to the prevailing party under [the Americans with Disabilities Act] § 12205, this section, by itself, does not create an independent cause of action."); *Singer v. Nevada ex rel. Dept. of Transp.*, 2011 WL 1627117, at *1 n. 2 (D. Nev. Apr. 27, 2011) ("A request for attorney's fees is a remedy available to a prevailing party in a civil rights complaint[;] it is not a separate cause of action.").

The prevailing party may seek costs at the appropriate point in this litigation. *See* Fed.R.Civ.P. 54(d).   Count V seeking costs, however, fails to state an independent claim upon which relief may be granted.   Because amendment would be futile, dismissal of Count V is with prejudice.

## VI.   <u>Limited Leave To Amend Is Granted</u>

The Court GRANTS Shaughnessy leave to file an amended complaint, consistent with the terms of this Order, by **March 17, 2017**.   He is granted limited leave to attempt to cure the deficiencies noted above with respect to Count I (Section 1983); Count II (breach of contract); and Count III (emotional distress claims—NIED and/or IIED).

An amended complaint generally supersedes a prior complaint, and must be complete in itself without reference to the prior superseded pleading.   *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled in part by Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012) (en banc).   Claims dismissed with prejudice may not be re-alleged in an amended complaint.   Claims dismissed without prejudice that are not re-alleged in an amended complaint may be deemed voluntarily dismissed.   *See Lacey*, 693 F.3d at 928 (stating that claims dismissed with prejudice need not be re-alleged in an amended complaint to preserve them for appeal, but claims that are voluntarily dismissed are considered waived if they are not re-pled).

16

The amended complaint must designate that it is the "First Amended Complaint" and may not incorporate any part of the original Complaint. Rather, any specific allegations must be retyped or rewritten in their entirety. Failure to file an amended complaint by **March 17, 2017** will result in automatic dismissal of this action without prejudice.

## <u>CONCLUSION</u>

For the foregoing reasons, Ohana's Motion to Dismiss is GRANTED. Shaughnessy is granted limited leave to file an amended complaint, consistent with the terms of this Order. Shaughnessy is cautioned that failure to file an amended complaint by **March 17, 2017** will result in dismissal of this action without prejudice.

IT IS SO ORDERED.

DATED: February 16, 2017 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

*Shaughnessy v. Wellcare Health Ins. Inc.*, CV NO 16-00635 DKW-KSC; **ORDER GRANTING DEFENDANT WELLCARE HEALTH INSURANCE INC. DBA OHANA HEALTH PLAN'S MOTION TO DISMISS**