IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| BRIAN SHAUGHNESSY,<br><br>Plaintiff,<br><br>vs.<br><br>WELLCARE HEALTH INSURANCE INC. dba OHANA HEALTH PLAN,<br><br>Defendant. | CIVIL NO. 16-00635 DKW-KSC<br><br>**ORDER DISMISSING CASE** |

## ORDER DISMISSING CASE

Plaintiff Brian Shaughnessy, proceeding pro se, filed a Complaint against WellCare Health Insurance, Inc., dba Ohana Health Plan ("Ohana"), alleging claims for violation of 42 U.S.C. § 1983, breach of contract, and emotional distress based on the denial of medical services and benefits under his Medicaid plan administered by Ohana. In a February 16, 2017 Order, the Court granted Ohana's Motion to Dismiss the Complaint, but granted Shaughnessy limited leave to file an amended complaint in accordance with the terms of the Court's Order by no later than March 17, 2017. Dkt. No. 18 (2/16/17 Order). Shaughnessy has yet to file an amended complaint or respond to the Court's February 16, 2017 Order in any other fashion. As a result, this action is dismissed without prejudice.

1

Courts have the authority to dismiss actions for failure to prosecute or for failure to comply with court orders. *See Link v. Wabash R.R. Co*., 370 U.S. 626, 629-31 (1962) ("The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."). The Court has discretion to dismiss a plaintiff's action for failure to comply with an order requiring him to file an amended pleading within a specified time period. *Pagtalunan v. Galaza*, 291 F.3d 639, 640 (9th Cir. 2002). Before dismissing an action for failure to prosecute, the Court must weigh: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Id*. at 642 (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

Upon careful consideration of these factors, the Court concludes that dismissal is warranted under the circumstances. The Court's February 16, 2017 Order was clear:

> The Court GRANTS Shaughnessy leave to file an amended complaint, consistent with the terms of this Order, by **March 17, 2017**. He is granted limited leave to attempt to cure the deficiencies noted above with respect to Count I (Section 1983); Count II (breach of contract); and Count III (emotional distress claims—NIED and/or IIED).
>
> \* \* \* \*

> Claims dismissed with prejudice may not be re-alleged in an amended complaint. Claims dismissed without prejudice that are not re-alleged in an amended complaint may be deemed voluntarily dismissed. . . . The amended complaint must designate that it is the "First Amended Complaint" and may not incorporate any part of the original Complaint. Rather, any specific allegations must be retyped or rewritten in their entirety. Failure to file an amended complaint by **March 17, 2017** will result in automatic dismissal of this action without prejudice.
>
> \* \* \* \*
>
> For the foregoing reasons, Ohana's Motion to Dismiss is GRANTED. Shaughnessy is granted limited leave to file an amended complaint, consistent with the terms of this Order. Shaughnessy is cautioned that failure to file an amended complaint by **March 17, 2017** will result in dismissal of this action without prejudice.

2/16/17 Order at 16-17.

Shaughnessy's failure to comply with the Court's Order hinders the Court's ability to move this case forward and indicates that he does not intend to litigate this action diligently. *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal."). This factor favors dismissal.

The risk of prejudice to a defendant is related to a plaintiff's reason for failure to prosecute an action. *See Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 991). Shaughnessy offers no excuse or explanation for his failure to file a First Amended Complaint. When a party offers a poor excuse (or, in this case, no

3

excuse) for failing to comply with a court's order, the prejudice to the opposing party is sufficient to favor dismissal. *See Yourish*, 191 F.3d at 991-92. This factor favors dismissal.

Public policy favoring the disposition of cases on their merits ordinarily weighs against dismissal. However, it is the responsibility of the moving party to prosecute the action at a reasonable pace and to refrain from dilatory and evasive tactics. *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991). Shaughnessy failed to discharge his responsibility to prosecute this action despite the Court's express warnings about dismissal in its prior order. *See* 2/16/17 Order at 16-17. Under these circumstances, the public policy favoring the resolution of disputes on the merits does not outweigh Shaughnessy's failure to file an amended complaint, as directed by the Court in its February 16, 2017 Order.

The Court attempted to avoid outright dismissal of this action by granting Shaughnessy the opportunity to amend his allegations and providing specific guidance on how to do so. *See Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives."). Alternatives to dismissal are not adequate here, given Shaughnessy's voluntary failure to comply with the Court's Order. Under the present circumstances, less drastic alternatives are not appropriate. The Court

acknowledges that the public policy favoring disposition of cases on their merits weighs against dismissal. On balance, however, because four factors favor dismissal, this factor is outweighed.

On the basis of the foregoing, the Court DISMISSES this action without prejudice and directs the Clerk of Court to close this case.

IT IS SO ORDERED.

DATED: March 21, 2017 at Honolulu, Hawaiʻi.



Derrick K. Watson
United States District Judge

*Shaughnessy v. Wellcare Health Ins. Inc.*, CV NO. 16-00635 DKW-KSC; **ORDER DISMISSING CASE**